1    UNITED STATES DISTRICT COURT

2    DISTRICT OF NEVADA

3

4    KHALID HENDERSON,                          Case No. 2:21-cv-00633-RFB-EJY

                              Plaintiff,        **ORDER UNDER RULE 62.1 COURT**
5         v.                                    **WOULD CONSTRUE ECF NO. 15 AS**
                                                **MOTION TO RECONSIDER**
6    CLARK COUNTY DETENTION CENTER,             **DISMISSAL ORDER AND GRANT IT**
     *et al.*,
7                                               (ECF No. 15)
                              Defendants.
8

9

10       This action began with a civil-rights complaint filed under 42 U.S.C. § 1983 and an

11   application to proceed in forma pauperis by state pretrial detainee Khalid Henderson. (ECF Nos. 1,

12   1-1). Henderson filed a First Amended Complaint ("FAC"). (ECF No. 6). In screening the FAC

13   under 28 U.S.C. § 1915A, the Court dismissed Henderson's claims without prejudice and with

14   leave to amend by April 8, 2022. (ECF No. 12). The deadline, however, passed without Henderson

15   filing an amended complaint or any other document. Thus, twenty days later, the Court dismissed

16   this action without prejudice to Henderson's ability to file a new action. (ECF No. 13). The Clerk

17   of Court entered judgment accordingly on April 28, 2022. (ECF No. 14).

18       Twelve days after entry of judgment, Henderson filed a document titled "Civil Rights

19   Complaint Pursuant to 42 U.S.C. § 1983" and "Appeal on Order of Dismissing and Closing Case."

20   (ECF No. 15). The Clerk of Court docketed the document as a "Notice of Appeal" and transmitted

21   it to the Ninth Circuit. (See ECF No. 15 docket text). The Ninth Circuit has docketed an appeal,

22   (No. 22-15712), and recently set November 3, 2022, as the deadline for Henderson's opening brief

23   in that appeal. (ECF No. 19). The Court notes that Henderson's document at ECF No. 15 asks the

24   Court to "reconsider[ ] its order dismissing and closing this case, arguing that the delay in filing

25   the second amended complaint is the product of excusable neglect. (ECF No. 15 at 1–2). For the

26   reasons discussed below, the Court indicates under Federal Rule of Civil Procedure 62.1(a) that it

27   would construe ECF No. 15 as a motion under Rule 60(b) to reconsider its dismissal order, and

28   the Court would grant that motion if the Ninth Circuit remanded for that purpose.

## I.      DISCUSSION

Federal Rule of Civil Procedure 62.1(a) provides that, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," then the district court may take one of three actions: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(1)–(3). For the reasons discussed below, the Court would construe the document at ECF No. 15 as a motion under Rule 60(b) to reconsider the dismissal order and would grant it.

"Rule 60(b)(1) of Civil Procedure provides that a court may relieve a party or a party's legal representative from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect." Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223 (9th Cir. 2000). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Id. at 1223–24.

Henderson asks the Court to reconsider its order and judgment dismissing and closing this case due to his failure to file a second amended complaint. (ECF No. 15). Henderson argues that he prepared the second amended complaint and provided it in a letter to jail staff Kincade for him to mail to the Court. (Id. at 1). Henderson contends that he did this on April 1, 2022 so with sufficient time to meet the April 8 deadline. (Id.) But neither the letter nor the second amended complaint made it to the Court. Henderson states that he does not know why the Court did not receive his filing. (Id.) He suspects the failure was intentional but provides neither evidence nor reasoned argument to support his suspicion. (Id.)

This case was still in the screening stage when it was dismissed, and Henderson rapidly moved for relief from the dismissal order and judgment after it was entered. Accordingly, the prejudice to the defendants and the delay's impact on this proceeding are minimal. There is no evidence of bad faith on Henderson's part. The reason for the delay—suspected misconduct, mistake, or negligence by jail staff—is not very strong. But Henderson's quick response to the

dismissal order tends to bolster his otherwise weak reason. Therefore, the Court would construe Henderson's document at ECF No. 15 as a motion for reconsideration of the dismissal under Rule 60(b)(1), and the Court would grant the motion if the Ninth Circuit remanded for that purpose.

## II.    CONCLUSION

**IT IS THEREFORE ORDERED** that the Court provides notice that it would construe Plaintiff Henderson's document at ECF No. 15 as a motion under Rule 60(b) to reconsider its dismissal order, and the Court would grant the motion if the Ninth Circuit remanded this matter for that purpose.

The Clerk of the Court is directed to transmit a copy of this order to the Ninth Circuit Court of Appeals.

Dated: October 4, 2022

_____
RICHARD F. BOULWARE, III
UNITED STATES DISTRICT JUDGE