UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KHALID HENDERSON,<br><br>            Plaintiff,<br>    v.<br><br>CLARK COUNTY DETENTION CENTER, *et al.*,<br><br>            Defendants. | Case No. 2:21-cv-00633-RFB-EJY<br>Ninth Circuit Court of Appeals No. 22-15712<br><br>**ORDER CONSTRUING ECF NO. 15 AS MOTION UNDER RULE 60(b)(1) AND GRANTING IT**<br><br>(ECF No. 15) |

This civil-rights action was dismissed without prejudice when pro se Plaintiff Khalid Henderson failed to file a second amended complaint in compliance with the Court's March 9, 2022, screening order. (ECF Nos. 12, 13, 14). Shortly thereafter, Henderson filed a document titled "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" and "Appeal on Order of Dismissing and Closing Case." (ECF No. 15). The Clerk of the Court docketed the document as a "Notice of Appeal" and transmitted it to the Ninth Circuit. (See ECF No. 15 docket text). The Ninth Circuit has docketed an appeal (No. 22-15712) and set briefing deadlines in it. (ECF No. 19).

Henderson's document at ECF No. 15 asks the Court to "reconsider[ ] its order dismissing and closing this case, arguing that the delay in filing the second amended complaint is the product of excusable neglect. (ECF No. 15 at 1–2). On October 4, 2022, the Court entered an order under Federal Rule of Civil Procedure 62.1(a) providing notice that it would construe ECF No. 15 as a motion under Rule 60(b) to reconsider its dismissal order and would grant that motion if the Ninth Circuit remanded for that purpose. (ECF No. 20). On October 17, 2022, the Ninth Circuit issued an order remanding for the purpose of the Court construing ECF No. 15 as a motion under Rule 60(b). (ECF No. 22). The appeal and all pending motions are being held in abeyance pending the Court's ruling on remand. (*Id.*) The Court now considers ECF No. 15 on the merits.

## I.    RELIEF UNDER RULE 60(b)(1)

"Rule 60(b)(1) of Civil Procedure provides that the court may relieve a party or a party's legal representative from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect." Bateman v. U.S. Postal Service, 231 F.3d 1220, 1223 (9th Cir. 2000). "The determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Id. at 1223–24 (citing Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993)).

Henderson asks the Court to reconsider its order and judgment dismissing and closing this case, arguing that he prepared the second amended complaint and provided it in a letter for jail staff Kincade to mail to the Court. (ECF No. 15 at 1). Henderson contends that he did this on April 1, so with sufficient time to meet the April 8 deadline. (Id.) But neither the letter nor the second amended complaint made it to the Court. Henderson states that he does not know why the Court did not receive his filing. (Id.) He suspects the failure was intentional but provides neither evidence nor reasoned argument to support his suspicion. (Id.)

This case was still in the screening stage when it was dismissed, and Henderson rapidly moved for relief from the dismissal order and judgment after they were entered. Thus, the prejudice to the defendants and the delay's impact on this proceeding are minimal. There is no evidence of bad faith on Henderson's part. The Court finds Henderson's proffered reason for delay to be credible, in terms of mistake or negligence by prison staff. Henderson's quick response to the dismissal order further bolsters his reason for delay. The Court finds that Henderson has shown his failure to timely file a second amended complaint was the product of excusable neglect. Therefore, the Court will relieve Henderson from the dismissal order and judgment, reopen this action, and set a new deadline for Henderson to file a second amended complaint.

## II.   HENDERSON MUST UPDATE HIS ADDRESS WITH THE COURT

The Court's mail to Henderson has been returned as undeliverable and unable to forward. (ECF No. 21). The Clark County Detention Center inmate database states that Henderson is no

longer housed at that facility. It appears from the Nevada Department of Correction's inmate database that Henderson might be housed at High Desert State Prison. Henderson is advised that Nevada Local Rule IA 3-1 provides that a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number." "The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." (Id.) The Court will grant Henderson an extension of time to file his updated address with the Court.

### III.    CONCLUSION

**IT IS THEREFORE ORDERED** that ECF No. 15 is construed as a motion under Rule 60(b)(1) and GRANTED.

**IT IS FURTHER ORDERED** that the dismissal order and judgment (ECF Nos. 13, 14) are VACATED.

**IT IS FURTHER ORDERED** that Plaintiff Henderson has until **December 26, 2022** to file a second amended complaint consistent with the findings and directions in the Court's March 9, 2022, screening order.

**IT IS FURTHER ORDERED** that Plaintiff Henderson has until **December 26, 2022** to file his updated address with the Court.

The Clerk of the Court is directed to: (1) send this order to Plaintiff Henderson at the address listed for him with the Court in the ordinary course; (2) electronically send Plaintiff Henderson courtesy copies of (a) this order, (b) the Court's March 9, 2022, screening order (ECF No. 12), (c) the amended complaint (ECF No. 6), and (d) the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same by sending them to the electronic address listed with the Court for High Desert State Prison's law library; (3) reopen this case; and (4) transmit a copy of this order to the Ninth Circuit Court of Appeals.

Dated: October 26, 2022.

_____
RICHARD F. BOULWARE, III
UNITED STATES DISTRICT JUDGE