UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KHALID HENDERSON,<br><br>Plaintiff,<br><br>v.<br><br>CLARK COUNTY DETENTION CENTER, *et al.*,<br><br>Defendants. | Case No. 2:21-cv-00633-RFB-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>**RE: ECF No. 44** |

Pending before the Court is Plaintiff Khalid Henderson's Motion for Leave to File a Third Amended Complaint to Add Defendant(s), Correct Errors, and Address … the Defendant(s) Response (the "Motion to Amend"). ECF No. 44. It appears that Plaintiff intends his filing to be both a Motion for Leave to File and a proposed Third Amended Complaint (the "proposed TAC"). *Id*. at 2:30-9:32. Plaintiff states a basis for jurisdiction on page 3 of his Motion. Plaintiff's factual allegations begin on page 4, causes of action appear to be identified on pages 6 through 8, and a prayer for relief is stated on page 9. Defendants filed an Opposition to Plaintiff's Motion at ECF No. 45. Plaintiff did not file a reply.

**I.    Discussion**

    A.    <u>The Standard Applicable to Motion to Amend</u>.

Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course" either "before being served with a responsive pleading" or "within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." If Rule 15(a)(1) does not apply, the party seeking to amend must obtain the opposing party's written consent or the court's leave to file an amended pleading. Fed. R. Civ. P. 15(a)(2). Well settled law establishes that a motion to amend a pleading under Rule 15(a)(2) "should freely give leave when justice so requires." If the party seeks the court's permission to file an amended pleading, "leave to amend lies within the sound discretion of the [district] court." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987) (internal citation omitted). "This policy is 'to

1

be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

When considering whether to grant or deny a motion seeking leave to amend a complaint, the Court may consider whether there is: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility in the amendment; and (5) whether plaintiff has previously amended her complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, the Court finds Plaintiff filed an original Complaint on April 16, 2021. ECF No. 1-1. Plaintiff then filed an Amended Complaint on September 27, 2021. ECF No. 6. On March 9, 2022, Plaintiff's Amended Complaint was screened by the Court. ECF No. 12. After various motion practice, Plaintiff was granted an opportunity to file a Second Amended Complaint on October 26, 2022. ECF No. 23. On January 4, 2023, Plaintiff filed his Second Amended Complaint that was screened on February 9, 2023. ECF Nos. 29, 32. Plaintiff has now filed a Motion seeking to file a Third Amended Complaint that would be his fourth attempt at pleading his claims. ECF No. 44. Defendants oppose the Motion to Amend stating Plaintiff's Fourteenth Amendment unsafe jail conditions claim was dismissed with prejudice, Plaintiff fails to cure the defects in his Equal Protection claim, Plaintiff fails to cure defects in his Fourteenth Amendment inadequate medical care claim against John Doe Corrections Officer, and Plaintiff fails to comply with Local Rule 15-1(a). As stated above, the Court treats Plaintiff's Motion to Amend as including his proposed TAC, thus, the Court finds Defendants' argument regarding the failure to comply with Local Rule requirements as unavailing. The Court addresses the substance of Plaintiff's proposed TAC and Defendants' assertions regarding the claims included therein below.

B.  Plaintiff's Claim for Unsafe Prison Conditions.

Plaintiff, who at the time of events alleged in his proposed TAC was incarcerated, pretrial, at Clark County Detention Center ("CCDC"), must allege his conditions of confinement claim under the Fourteenth Amendment.[1] In support of this claim, Plaintiff alleges that after a "cleaning crew"

---

[1] As explained in the Order screening Plaintiff's Second Amended Complaint, "a pretrial detainee's claims challenging unconstitutional conditions of confinement fall under the Fourteenth Amendment's Due Process Clause. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124 & n.2 (9th Cir. 2018). The Court evaluates Fourteenth Amendment conditions-of-confinement claims under the objective deliberate indifference standard. *See id*. The elements of a pretrial detainee's unsafe-jail-conditions claim are: (i) the defendant made an intentional decision with respect to the conditions

cleaned the bathroom apparently connected to the unit in which Plaintiff was housed, correctional staff and officers failed to take reasonable steps to prevent the unsafe condition—the wet floor for which no warning was provided—resulting in his slip, fall, and injuries. *Id*. at 4-6. Specifically, Plaintiff contends "Defendant(s) did not take reasonable steps … or measures to abate the risk, even though a reasonable official or officer in the same circumstance would have appreciated the high degree of risk involved … making the Defendant(s) conduct obvious." *Id*. at 6. Plaintiff further states he has suffered physical and mental injuries as a result of Defendants' conduct. *Id*. at 7.

Plaintiff pleads sufficient fact to potentially demonstrate that an unsafe prison condition existed at CCDC. However, Plaintiff fails to identify a single defendant by name, or through a Doe pleading, who was responsible for the unsafe condition resulting in his fall. Plaintiff's allegations are general pointing only to unnamed prison staff. Moreover, Plaintiff does not allege any Defendant knew about the wet floor, was aware of the wet floor, should have known the bathroom floor was wet and dangerous, or that any Defendant made the decision to leave the floor wet without warning. Plaintiff's general pleading that correctional staff and officials failed to take reasonable steps to warn him of the wet floor on which he slipped is insufficient to state a cognizable claim under the Fourteenth Amendment. A plaintiff must state facts sufficient to give Defendants the chance to adequately respond to the allegations made. *Weible v. Provost*, Case No. 2:22-cv-00812-GMN-EJY, 2022 WL 16578694, at *5 (D. Nev. Sept. 27, 2022), *citing Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"); *Gonzales v. Cal. Dep't of Mental Health*, Case No. 1:07-cv-00427-AWI-WMW, 2009 WL 224050, at *4 (E.D. Cal. Jan. 29, 2009) ("[i]t is impossible for defendants to respond to Plaintiff's allegations because he fails to … identify

---

under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. *Id.* at 1125; *see also Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016). When evaluating the objective reasonableness of the defendant's conduct, a pretrial detainee may show that "the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015). ECF No. 32 at 6.

1 | which defendants actually threatened him. Therefore, Plaintiff's complaint fails to state a cognizable
2 | claim …."").

3 | In the absence of sufficient pleading to state this claim, and given the Court previously ruled
4 | that Plaintiff's claim for unsafe prison conditions were dismissed with prejudice (ECF No. 32 at 7),
5 | the Court finds Plaintiff fails to state a claim for unsafe prison condition and recommends his Motion
6 | to Amend to this claim be denied. The Court further recommends Plaintiff be instructed that future
7 | efforts to replead this claim are foreclosed.

8 |     C.    <u>Plaintiff's Inadequate Medical Care Claim</u>.

9 | A thorough review of Plaintiff's proposed TAC demonstrates Plaintiff attempts, but fails, to
10 | state a claim for inadequate medical care. *See* ECF No. 44 at 7-8. Whether pleaded as an Eighth or
11 | Fourteenth Amendment claim, Plaintiff's "pleading may not simply allege a wrong has been
12 | committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT),
13 | 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011). The pleading standard established by Federal
14 | Rule of Civil Procedure 8 "does not require detailed factual allegations, but it demands more than
15 | an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662,
16 | 678 (2009) (internal quote marks and citations omitted). In fact, in order to state a claim for relief
17 | under 42 U.S.C. § 1983, a plaintiff must show (1) he suffered a violation of rights protected by the
18 | Constitution or created by federal statute, and (2) the violation was proximately caused by a person
19 | acting under color of state or federal law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).
20 | To satisfy the second prong, a plaintiff must allege facts showing how individually named
21 | defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold
22 | v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

23 | Plaintiff has not identified any Defendant who failed to provide him adequate medical care.
24 | Plaintiff only speaks of "medical staff" who failed to provide physical and mental health services.
25 | ECF No. 44 at 6-7. In the absence of any allegations identifying conduct by a Defendant who
26 | proximately caused Plaintiff's injuries, Plaintiff fails to state a cognizable inadequate medical care
27 | claim. *Weible*, 2022 WL 16578694, at *5; *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F.
28 | Supp. 3d 1026, 1037 (N.D. Cal. 2015) (quoting *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F.

Supp. 3d 945, 964 (N.D. Cal. 2015)) (dismissing the plaintiff's claims after stating that "[a]s a general rule, when a pleading fails 'to allege what role each Defendant played in the alleged harm,' this 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.").

Further, this is Plaintiff's fourth attempt to plead this claim. *See* ECF Nos. 1 -1, 6, 29, 44. Therefore, the Court recommends Plaintiff's Motion to Amend be denied and Plaintiff be instructed that future amendments to state this claim are foreclosed. *See Mitchell v. Las Vegas Metropolitan Police Dep't*, Case No. 2:18-cv-00646-RFB-EJY, 2021 WL 808735, at *5 (D. Nev. Mar. 3, 2021) (citation omitted) ("As this is Plaintiff's third time filing his complaint … the Court recommends exercising its discretion to prohibit the filing of a fourth attempt to plead claims."); *see also Harris v. City of Henderson*, Case No. 2:15-cv-0337-GMN-PAL, 2017 WL 4532144, at *3 (D. Nev. Oct. 10, 2017) (denying the plaintiff leave to file an additional amended complaint after plaintiff continuously failed to cure the deficiencies in his pleadings).

### D. Plaintiff's Equal Protection Claim.

Plaintiff's attempt to plead his Equal Protection Claim under the Fourteenth Amendment fails. ECF No. 44 at 7. As the Court previously advised:

> The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an Equal Protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002); *see Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

ECF No. 32 at 10. Plaintiff pleads no facts demonstrating any Defendant acted in a discriminatory manor towards him based on his membership in a protected class. *See* ECF No. 44 at 5-8. For this reason, the Court recommends Plaintiff's Motion to Amend be denied and future amendments to restate this claim be foreclosed. *Mitchell*, 2021 WL 808735, at *5; *Harris*, 2017 WL 4532144, at *3.

II.     **Recommendation**[2]

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Leave to File a Third Amended Complaint to Add Defendant(s), Correct Errors and Address … the Defendant(s) Response (ECF No. 44) be DENIED and Plaintiff be instructed that future efforts to replead this claims are foreclosed.

Dated this 29th day of June, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

NOTICE

Under to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

[2] The Court recognizes that Plaintiff's Second Amended Complaint was allowed to proceed on certain federal claims as well as state common law claims.  Unfortunately, Plaintiff's proposed TAC does not restate any his federal claim sufficiently to allow it to proceed.  Plaintiff also does not replead his state law claims.