UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KHALID HENDERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CLARK COUNTY DETENTION CENTER, *et al*.<br><br>　　　　Defendants. | Case No. 2:21-cv-00633-RFB-EJY<br><br>**ORDER** |

### I.　INTRODUCTION

Before the Court are several motions: Plaintiff's Motion for Leave to File; Magistrate Judge Youchach's Report and Recommendation ("the Report") regarding Plaintiff's Motion; and Plaintiff's Objection to the Report. ECF Nos. 44, 52, 53. As discussed below, the Report is adopted in part and denied in part; and the Motion for Leave to File and Appeal of the Report are denied.

### II.　PROCEDURAL BACKGROUND

Plaintiff, Khalid Henderson, commenced this action by filing a civil complaint on April 16, 2021. ECF No. 1-1. Plaintiff then filed an Amended Complaint on September 27, 2021. ECF No. 6. On March 9, 2022, Plaintiff's Amended Complaint was screened by the Court. ECF No. 12. Plaintiff was granted an opportunity to file a Second Amended Complaint on October 26, 2022. Plaintiff filed his Second Amended Complaint on January 4, 2023. ECF No. 29. This Complaint was then screened on February 9, 2023. ECF No. 32. Plaintiff filed a Motion seeking to file a Third Amended Complaint ("TAC") on April 20, 2023. ECF No. 44. Defendants filed a Response opposing the motion on April 23, 2023. ECF No. 45. Magistrate Judge Youchach submitted a

Report on June 29, 2023. ECF No. 52. Plaintiff filed an Appeal of the Report on July 12, 2023. ECF No. 53.

### III. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).

### IV. DISCUSSION

Plaintiff bases his proposed TAC on unsafe conditions, deliberate indifference, and equal protection claims. Judge Youchach's Report advises that Plaintiff's Motion should be denied, and the Plaintiff should be instructed that efforts to replead the claims are foreclosed.

#### a. Unsafe Conditions

Plaintiff alleges that on December 27, 2019, he slipped and fell on the bathroom floor after the cleaning crew mopped the area. The Report correctly notes that this Court's Screening Order previously dismissed this claim with prejudice. Plaintiff thus did not have leave to replead this claim. Accordingly, no further analysis of this claim is provided. The Court therefore adopts this portion of the Report and will not permit further attempts to replead this claim.

#### b. Eight Amendment Violation

Plaintiff attempts to assert an Eighth Amendment claim maintaining that correctional center staff inflicted cruel and unusual punishment and showed deliberate indifference when they failed to secure the wet bathroom floor or provide warnings regarding the slippery surface.

Plaintiff's Complaint is unclear on which grounds it is bringing this Eighth Amendment claim. The Report interprets this portion of the TAC as an attempt to state a claim for inadequate medical care. When similar claims were made in previous iterations of this Complaint, this Court

has also interpreted this as an inadequate medical care claim, and it takes this perspective in this analysis as well.

The Eighth Amendment mandates that prison officials provide humane conditions of confinement, provide adequate food, clothing, shelter, and medical care, and take reasonable measures to guarantee the safety of those incarcerated. Farmer v. Brennan, 511 U.S. 825, 832. A prison official violates the Eighth Amendment when he acts with deliberate indifference to the serious medical needs of an inmate. Id. at 828.

In order to establish an Eighth Amendment violation, "a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." Balla v. Idaho, 29 F.4th 1019, 1025-26 (9th Cir. 2022) (quoting Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014)). To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.

Plaintiff's claim fails to allege facts sufficient to allow this claim to proceed. The TAC only alleges that by failing to secure the wet floor and put up cautionary signs regarding the bathroom surface, the prison staff violated Plaintiff's Eighth Amendment rights. These allegations do not speak to the objective or subjective requirements necessary to sufficiently plead the claim. This claim will thus not be permitted to proceed.

### c. Equal Protection

Plaintiff alleges that he suffered mental health issues after his head injury. He asserts that that the medical staff knew that he required mental health services and, yet, he did not receive this treatment.

The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), overruled on other grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1125–26 (9th Cir. 2002); see Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

The Report finds that the Plaintiff pleads no facts demonstrating any Defendant acted in a discriminatory manner toward him based on membership in a protected class. Likewise, this Court finds no facts alleging that Plaintiff was discriminated against based on protected class membership or that Plaintiff was treated differently than similarly situated individuals.

The Court adopts this finding of the Report and will not permit further attempts to plead this claim.

## V.    CONCLUSION

For the reasons discussed above, **IT IS THEREFORE ORDERED** that [52] the Report is **ADOPTED**.

**IT IS FUTHER ORDERD** that the [44] Motion for Leave to File and [53] Objection to the Report are **DENIED**.

**DATED:** March 29, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**